UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Jonathan Micolta Bustos,
    Petitioner

    v.                         Case No. 23-cv-097-SM
                               Opinion No. 2023 DNH 047

Warden, FCI Berlin,
    Respondent


**O R D E R**

    Jonathan Micolta Bustos is a federal prisoner currently being held at the Federal Correctional Institution in Berlin, New Hampshire. He brings a petition pursuant to 28 U.S.C. § 2241 saying the Bureau of Prisons ("BOP") has improperly classified him as "ineligible" to apply time credits he has earned under the First Step Act and, therefore, incorrectly calculated his projected release date. He seeks an order directing the BOP to properly account for those time credits and to amend his projected release date by one year.

    When Micolta Bustos filed his petition, his claims had merit. But, shortly thereafter, the BOP properly credited him with earned FSA time credits and advanced his "projected release" date by one year (the maximum permitted). Accordingly,

Micolta Bustos has received all of the relief he sought and his petition is now moot.

## Discussion

There are two ways by which inmates serving federally-imposed sentences may reduce the amount of time they must serve in prison. Those serving a term of imprisonment greater than one year may earn "good time" credits for "exemplary compliance with institutional disciplinary regulations." 18 U.S.C. § 3624(b)(1). Inmates may also earn "time credits" under the First Step Act for the successful completion of "evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A). This case involves the latter.

Micolta Bustos is currently serving a 120-month term of imprisonment, to be followed by a two-year term of supervised release. He is the subject of an Immigration and Customs Enforcement ("ICE") detainer that was lodged against him in May of 2019. With the benefit of good time credits, his "Final Statutory Release Date" is November 11, 2027. See Sentence Monitoring Computation Data (document no. 6-3) at 1. None of that is in dispute.

In addition to good time credits, Micolta Bustos has also earned a substantial number of FSA time credits, 365 of which may be applied toward early transfer to supervised release.  See FSA Time Credit Assessment as of March 25, 2023 (document no. 6-4) at 1.  See also 18 U.S.C.A. § 3624(g)(3) (providing that the BOP may apply no more than 12 months of earned FSA time credits to advance an inmate's date of transfer to supervised release).  So, factoring in both his good time credits and his FSA time credits, Micolta Bustos's "Projected Release Date" should be November 11, 2026 - that is, 365 days earlier than his "Final Statutory Release Date."  But, says Micolta Bustos, the BOP is refusing to apply those FSA time credits and, therefore, his projected release is off by one year.

Micolta Bustos was, for a time, correct.  But, on February 6, 2023, the BOP amended its procedures for implementing the First Step Act.  Among other things, it removed language from the prior policy that prohibited prisoners subject to ICE detainers from applying FSA time credits.  See U.S. Dept. of Justice, Bureau of Prisons, Program Statement 5410.10 CN-1 at 2 (Feb. 6, 2023).[1]  Consequently, inmates like Micolta Bustos who are subject to ICE detainers (but not final orders of removal)

---

[1]     Available at: https://www.bop.gov/PublicInfo/execute/policysearch?todo=query&series=5000).

are now permitted to apply FSA time credits toward prerelease custody or supervised release.  See generally 18 U.S.C. § 3632(d)(4)(E)(i).

Following that change in policy, the BOP recalculated Micolta Bustos's Sentence Monitoring Computation Data.  The BOP's records now accurately show that he is eligible both to earn and to apply earned FSA time credits toward early release.  See FSA Time Credit Assessment dated March 25, 2023, at 1.  Additionally, the BOP has applied the maximum number of FSA time credits (365) to calculate his "Projected Release Date," which is now November 11, 2026 (rather than November 11, 2027).  See Sentence Monitoring Computation Data at 1.

## Conclusion

For the foregoing reasons, it is plain that Micolta Bustos has received all the relief sought in his petition and there is no longer any case or controversy.  His petition (**document no. 1**) is, therefore, dismissed as moot.  The government's motion for summary judgment (**document no. 6**) is likewise denied as moot.

The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

April 27, 2023

cc: Jonathan Micolta Bustos, pro se
    Heather A. Cherniske, Esq.